```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MICHAEL D. VERCILLO,

                Plaintiff,
                                        ORDER
        -against-                       11-CV-5463(JS)(AKT)

CARLSON RESTAURANTS WORLDWIDE,
d/b/a TGI FRIDAY'S,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:   Michael D. Vercillo, Pro Se
                 11 No. Inglelore Ct.
                 Smithtown, New York 11787

For Defendant:   No appearances
```

SEYBERT, District Judge:

Pro se plaintiff Michael D. Vercillo ("Plaintiff") filed a Complaint in this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as amended, against defendant Carlson Restaurants Worldwide, d/b/a TGI Friday's ("Defendant"), alleging that the Defendant unlawfully terminated his employment on the basis of his race and color. Accompanying the Complaint is an application to proceed in forma pauperis pursuant to 42 U.S.C. § 1915. For the reasons that follow, Plaintiff's request to proceed in forma pauperis is DENIED.

DISCUSSION

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself

and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Davis v. NYC Dept. of Educ., 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., 10-CV-0206 (RJD)(LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

Here, the financial declaration submitted by Plaintiff indicates that he has $1,500 in his checking account, and earns $4,000 per month from his current employment. (Vercillo Decl. at ¶¶ 1, 4). Plaintiff reports that he owns a house valued at $450,000 and a Dodge Ram valued at $30,000. (Id. at ¶ 5). Although Plaintiff reports that he supports his three daughters and his wife, he does not provide any information regarding such expenses and lists only a monthly mortgage expense of $2,800. (Id. at ¶¶ 6-7). Given Plaintiff's liquid assets, the Court finds that Plaintiff is able to pay the $350 filing fee to commence this action. Though the Court is sympathetic to Plaintiff's situation,

2

Plaintiff's declaration establishes that he can pay the $350 filing fee and still provide himself with the necessities of life. Adkins, 335 U.S. at 339. Accordingly, his request to proceed in forma pauperis is DENIED. Plaintiff is directed to pay the $350 filing fee within ten (10) days of the date of this Order or the action will be dismissed without prejudice. Plaintiff is further warned, given that he filed his Complaint just shy of the expiration of the statute of limitations, his failure to timely comply with this Order will not preserve the November 7, 2011 file date of his Complaint and his Complaint will likely be barred by the statute of limitations.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November __22__, 2011
       Central Islip, New York